**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CAROL L. ALDERMAN,
              *Plaintiff-Appellant,*

v.

INMAR ENTERPRISES, INCORPORATED;
CAROLINA COUPON CLEARING,
INCORPORATED,

              *Defendants-Appellees.*

No. 02-1380

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CA-00-1204-1)

Argued: January 23, 2003

Decided: February 27, 2003

Before WIDENER and NIEMEYER, Circuit Judges, and
Morton I. GREENBERG, Senior Circuit Judge of the
United States Court of Appeals for the Third Circuit,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** David Christopher Pishko, ELLIOT PISHKO MORGAN,
P.A., Winston-Salem, North Carolina, for Appellant. Richard Lee
Rainey, WOMBLE, CARLYLE, SANDRIDGE & RICE, Charlotte,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carol L. Alderman appeals from the district court's order and judgment entered March 8, 2002, granting defendants Inmar Enterprises, Incorporated's and Carolina Coupon Clearing, Incorporated's motion for summary judgment and dismissing Alderman's complaint against defendants under the ADEA, 29 U.S.C. §§ 621 *et seq.*, and under North Carolina state law for wrongful termination in violation of North Carolina public policy. *Alderman v. Inmar Enter., Inc.*, 201 F. Supp. 2d 532 (M.D.N.C. 2002). In addition, the district court declined to exercise supplemental jurisdiction over defendants' counterclaim for conversion against Alderman which it thus dismissed without prejudice. We are not concerned, however, with the dismissal of the counterclaim as neither party appeals from that dismissal. We review the district court's order *de novo*, *see Higgins v. E.I. Du Pont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988), and thus will affirm if we determine that there is no dispute as to any material fact and defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

After a careful review of this matter we are in agreement with the district court that defendants are entitled to summary judgment and we affirm essentially for the reasons the district court set forth. We emphasize only that even if Alderman satisfied the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), burden-shifting process to the extent that defendants were obliged to set forth legitimate nondiscriminatory reasons for their employment termination decision, she did not produce a basis for a court to conclude that defendants' asserted reasons were pretextual. She cannot meet this burden simply by disagreeing with her employers' assessment of her. As this court indicated in *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000), "[W]e have repeatedly held that in a wrongful discharge action it is the perception of the decision maker which is relevant, not the

self-assessment of the plaintiff." (Internal brackets and quotation marks omitted).

*AFFIRMED*